

# IN THE
## TENTH COURT OF APPEALS

### No. 10-10-00055-CR

**RAHEEM ABDULAH WATKINS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2008-2122-C2**

## OPINION

Raheem Abdulah Watkins was convicted by a jury of the offense of murder, pled true to two enhancement allegations, and was sentenced to life in prison. TEX. PEN. CODE ANN. §§ 19.02(b)(1) & 12.42(d) (Vernon 2003). Watkins complains of the following: (1) that the trial court erred by refusing to conduct a hearing with Watkins present regarding his motion to dismiss his court-appointed trial counsel; (2) the evidence was legally insufficient to establish that Watkins or his accomplice specifically intended to kill the victim; (3) the evidence was factually insufficient to establish that Watkins or his accomplice specifically intended to kill the victim; (4) the trial court

erred by failing to instruct the jury that a specific intent to kill was required for conviction either individually or as a party to the murder; (5) the trial court erred by failing to submit an instruction regarding an accomplice as a matter of law; (6) the trial court erred by failing to submit an instruction regarding a statement against interest made during Watkins' incarceration; (7) the trial court erred by failing to include an instruction regarding a witness's prior convictions; (8) the trial court erred by submitting instructions that allowed conviction by a manner and means that had been abandoned by the State; (9) the trial court erred by admitting extraneous conduct testimony; (10) the State engaged in prosecutorial misconduct; (11) Watkins received ineffective assistance of counsel; (12) the trial court erred by not appointing new counsel when requested prior to trial (numbered also as eleven in Watkins's brief); and (13) the trial court erred by assessing attorney's fees and investigator's fees (numbered as twelve in Watkins's brief). Because we find that the trial court erred by assessing attorney's fees and investigator's fees, we modify the judgment of conviction to delete those fees, and as modified, affirm the judgment of the trial court.

We will address the issues together where possible and some issues may be addressed out of order in order to present them all in a manner that is as clear and concise as possible. We will address the facts as necessary in each issue.

*Removal of Court-Appointed Counsel*

Watkins complains that the trial court abused its discretion by refusing to conduct a hearing on his motion to dismiss his trial counsel, that Watkins had a right to

be present when the trial court denied his request, and that the trial court abused its discretion in failing to appoint a different trial counsel upon Watkins's request.

We note that Watkins had no right to an appointed counsel of his choice. *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). Watkins was required to accept the counsel assigned by the court unless he effectively waived his right to counsel or showed adequate cause for the appointment of a different attorney. *Id*. The trial court is under no duty to search for counsel until it finds one agreeable to a defendant. *Rogers v. State*, 488 S.W.2d 833, 834 (Tex. Crim. App. 1973). Instead, the defendant bears the burden of proving he is entitled to a change of counsel. *Hill v. State*, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985). "[P]ersonality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal." *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). We review the trial court's decision for an abuse of discretion. *See id.*

Watkins filed a motion to dismiss his counsel approximately two months after he was indicted and approximately eleven months before trial. The motion filed by Watkins does not contain any facts or particular allegations that rise to the level of adequate cause for the appointment of a different attorney. Watkins's trial counsel had filed approximately eight motions to assist with his defense and had an investigator appointed to aid with the preparation of his defense. The trial court did not abuse its discretion by denying Watkins's motion.

Watkins further complains that the trial court erred by failing to conduct a hearing on his motion and that the denial of his motion without a hearing constituted a

"proceeding" at which he had a right to be present. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01 (Vernon 2006). The trial court entered an order in which it stated that it had considered Watkins's motion and denied it. The question is whether the trial court's entry of that order constituted a "proceeding."

In *Riggall v. State*, the Court of Criminal Appeals determined that the trial court's actions constituted a "proceeding" under article 28.01, by noting that the written order overruling Riggall's motion to dismiss recited that the cause "came on to be heard" and contained four paragraphs containing findings of fact and conclusions of law, indicating that some type of evidence or testimony was heard or considered. *Riggall v. State*, 590 S.W.2d 460 (Tex. Crim. App. 1979). Since there was some type of "proceeding" in that case, the Court of Criminal Appeals held that Riggall or his appointed counsel should have been present. In the present case, there is nothing to indicate that there was any kind of "proceeding" with regard to the denial of Watkins's motion. *See Jones v. State*, No. 14-87-00951-CR, 1989 Tex. App. LEXIS 758 at *4 (Tex. App.—Houston [14th Dist.] April 6, 1989, no pet.) (not designated for publication) (no violation of article 28.01 where there was only a handwritten notation on the motion to dismiss court appointed counsel which read "Denied," together with the date and the signature of the trial judge). We believe that *Riggall* is distinguishable since the record shows nothing other than the order signed by the trial court that it considered Watkins's motion to indicate that a proceeding was held. There are no findings in the order or other indications that evidence or testimony was heard or considered.

We find that a more analogous case to the case at bar is *Malcolm v. State*. *Malcolm v. State*, 628 S.W.2d 790 (Tex. Crim. App. 1982). In *Malcolm*, there was no formal written order, but there was a notation on a docket sheet that a motion to dismiss counsel was overruled. The Court of Criminal Appeals held that the trial court's action of overruling the motion was not a "proceeding" under article 28.01. *Malcolm*, 628 S.W.2d at 792. By application of the holdings of *Malcolm* and *Riggall*, we find that the trial court in this case did not violate article 28.01. We overrule issues one and twelve.

*Jury Charge Error*

Watkins complains that the trial court erred in failing to include five instructions in the jury charge. Watkins complains that the trial court erred by: (1) not instructing the jury that a finding that Watkins or Robinson, his accomplice, had the specific intent to kill the victim was required in the event that the jury found that Watkins committed the offense personally or as a party; (2) failing to include an accomplice as a matter of law instruction; (3) failing to include an instruction relating to the necessity of corroboration relating to a witness's testimony regarding statements made by Watkins while Watkins was incarcerated; (4) failing to include an impeachment instruction relating to the incarcerated witness's prior convictions; and (5) submitting an instruction that allowed the jury to consider a manner and means of committing the murder which had been abandoned by the State. Acknowledging that he made no objection at trial, Watkins argues that under the standards set forth in *Almanza v. State*, the error was egregious. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)

(op. on reh'g). We will first determine whether the charge was erroneous. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).

*Specific Intent to Kill*

Watkins was charged with committing murder pursuant to section 19.02(b)(1), which states that "[a] person commits murder if he intentionally or knowingly causes the death of an individual." TEX. PEN. CODE ANN. § 19.02(b)(1) (Vernon 2003). Watkins contends that section 19.02(b)(1) requires a specific intent to kill, and that the failure to include an instruction requiring the jury to find such an intent was erroneous. The cases cited by Watkins to support this argument are distinguishable because they relate to attempted murder, which requires a specific intent to kill. *See Flanagan v. State*, 675 S.W.2d 734, 742 (Tex. Crim. App. 1982) (attempted murder); *Reina v. State*, 940 S.W.2d 770, 772-73 (Tex. App.—Austin 1997, pet. ref'd) (same); *see also* TEX. PEN. CODE ANN. § 15.01(a) (Vernon 2003). The jury charge tracked the exact language of section 19.02(b)(1) and properly defined both "intentionally" and "knowingly" pursuant to section 6.03. TEX. PEN. CODE ANN. §§ 19.02 & 6.03(a) & (b) (Vernon 2003). We do not find that the trial court erred by failing to instruct the jury on specific intent.

Watkins further complains that the trial court erred by failing to include a provision requiring the jury to find a specific intent to kill by whoever killed the victim within the instruction defining the law of parties in a conspiracy. Watkins was also charged as a party in the jury charge on two bases: "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense," and "if, in the attempt to carry out a

conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy. TEX. PEN. CODE ANN. § 7.02(a)(2) & (b) (Vernon 2003). Just as a finding of "specific intent to kill" is not required as relating to Watkins, the instruction is also not required if he was charged as a party. The instruction as given tracked the exact language as set forth in section 7.02. We do not find that the charge was erroneous by not requiring a finding of "specific intent to kill." We overrule issue four.

*Accomplice Witness*

Watkins complains that the trial court erred by failing to include an instruction that a witness, Brittany Hamilton, was an accomplice as a matter of law and that her testimony must be corroborated in order for Watkins to be convicted. The jury charge did not include any type of accomplice instruction.

An accomplice is an individual who participates with a defendant in the commission of a crime by doing some affirmative act with the requisite culpable mental state that promotes the commission of that offense. *Cocke v. State*, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006). Watkins could not be convicted upon the testimony of Hamilton if she was an accomplice unless her testimony was corroborated by other evidence tending to connect Watkins to the murder. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005). A witness may be an accomplice either as a matter of law or as

a matter of fact. *Cocke*, 201 S.W.3d at 747. The evidence in the case determines what instruction, if any, is appropriate to give to the jury. *Id.*

As a general rule, a person is an accomplice witness as a matter of law only when there is uncontradicted evidence or evidence so persuasive a jury could not reasonably disregard facts that conclusively make the witness guilty of the crime. *Roseman v. State*, 382 S.W.2d 261, 263 (Tex. Crim. App. 1964). The witness's participation with the defendant must have involved some affirmative act that promotes the commission of the offense with which the defendant is charged in order to be an accomplice as a matter of law. *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2008).

Additionally, there are situations in which a person's status as an accomplice witness as a matter of law turns not upon the evidence indicating guilt or innocence of the offense but rather upon the witness's legal status. *See Cocke*, 201 S.W.3d at 747-48. If the witness cannot be prosecuted for the offense with which the defendant is charged, or a lesser-included offense of that charge, the witness is not an accomplice witness as a matter of law. *Druery*, 225 S.W.3d at 498. Further, where a witness is under indictment for or has been convicted of the same offense or a lesser included offense for which the defendant is on trial, the witness is an accomplice witness as a matter of law. *Id.*; *see also Burns v. State*, 703 S.W.2d 649, 651 (Tex. Crim. App. 1985).

Hamilton dated Robinson, Watkins' accomplice, for approximately two months surrounding the time of the murder and was a friend of Watkins. She had ridden by the victim Charles White's residence with Watkins and Robinson a week or two before the murder and at that time, Watkins and Robinson discussed the drugs and money

that were likely in the shed in the back yard, ostensibly in order to rob White. Hamilton loaned her vehicle to Watkins and Robinson on the night that White was killed and had observed them with weapons on her car, but she did not observe them put the weapons in her car. When she got her car back the next day, it had blood in the floorboard of the passenger seat which she attempted to clean as well as a shoe with a round hole in it. The blood in her car was that of Watkins. Robinson told Hamilton that Watkins had shot himself in the foot the night before. Hamilton was later told that Robinson had shot Watkins in the foot. An officer threatened Hamilton with charging her as an accessory to murder if she did not come to the station to answer questions about a murder. However, she did not know much about what had happened and there was no evidence that she was further involved in the planning or commission of the murder.

We find that the evidence is not uncontradicted or so persuasive that the jury could not reasonably have disregarded facts that conclusively made Hamilton guilty of the murder. The evidence was at best conflicting as to Hamilton's status as an accomplice, and therefore, the trial court was not under a duty to instruct the jury that Hamilton was an accomplice as a matter of law. Furthermore, Hamilton's legal status did not make her an accomplice as a matter of law because she had not actually been charged with murder or any other offense that might have arisen out of the transaction. *See Roseman*, 382 S.W.2d at 263. Thus, we conclude that the trial court did not err in failing to provide an instruction regarding Hamilton as an accomplice as a matter of law. We overrule issue five.

*Article 38.075 Witness Instruction*

Watkins complains that the trial court erred by failing to include an instruction in the jury charge pursuant to article 38.075 of the Code of Criminal Procedure which requires corroboration of testimony regarding a defendant's statement against interest made to a witness while the witness was imprisoned or confined in the same facility as the defendant. TEX. CODE CRIM. PROC. ANN. art 38.075 (Vernon Supp. 2010). The State concedes that the trial court erred by not including the instruction but contends that the error was harmless. Smith, who was confined with Watkins, testified to incriminating statements made by Watkins as to how the murder happened. The trial court erred by failing to include an instruction requiring corroboration of Smith's testimony. Having found error, because there was no objection to the omission of this instruction from the charge, we must now determine whether that error egregiously harmed Watkins. *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1985) (op. on reh'g).

Article 38.075 became effective on September 1, 2009, and we have found no authority detailing what standard is required for corroboration beyond the language of the article itself. TEX. CODE CRIM. PROC. ANN. art. 38.075 (Vernon Supp. 2010) (corroboration is insufficient if it only shows the offense was committed). Article 38.075 was enacted in recognition that incarcerated individuals have an incentive to provide information against other incarcerated individuals and that this testimony should be corroborated. SENATE COMM. ON CRIMINAL JUSTICE, BILL ANALYSIS, Tex. S.B. 1681, 81st Leg., R.S. (2009). We find that the standard for corroboration of statements against interest made while incarcerated is the same as that for the corroboration of accomplice

witness testimony. The erroneous omission of an instruction regarding an accomplice witness that tells the jury that testimony must be corroborated generally is harmless unless the corroborating evidence is "so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive." *Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002).

Although the failure of the trial court to include the instruction is some indication of harm, the jury charge is otherwise proper, the state of the evidence was sufficient to connect Watkins to the offense through the testimony of Hamilton and the DNA evidence from the scene, the arguments of counsel, and other evidence in the record do not demonstrate that Watkins was egregiously harmed by the omitted instruction. We overrule issue six.

*Impeachment Instruction*

Watkins complains that the trial court erred by not including an "impeachment instruction" in the jury charge relating to Smith's prior felony convictions. Watkins contends that because Smith testified to having three prior felony convictions, the trial court had a duty to include an instruction in the charge to the jury that the convictions should be considered by the jury in determining his credibility pursuant to rule 609 of the Rules of Evidence. Other than a generic statement regarding the standard of review and a reference to the rule that allows impeachment of a witness by evidence of prior felony convictions, Watkins provides no authority to support his position that such an instruction is required. Citation to authorities is required in order to properly present an issue to this Court. TEX. R. APP. P. 38.1. This issue is inadequately briefed and

therefore, presents nothing for review. *See* TEX. R. APP. P. 38.1(h); *see also Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008). We overrule issue seven.

*Manner and Means*

Watkins complains that the trial court erred by submitting language in the jury charge that referenced the indictment because the indictment included a manner and means that was abandoned by the State at the close of its case-in-chief. *See* TEX. PEN. CODE ANN. § 19.02(b)(3) (Vernon 2003) (committed or attempted to commit an act clearly dangerous to human life that caused death in furtherance of the commission or attempted commission of another felony). The language included in the charge did not include the specific manner and means of which Watkins complains, but referred to the indictment and did not inform the jury that the second manner and means that had been read to them in the indictment at the beginning of the trial had been abandoned and was not to be considered. However, Watkins presents no authority to support this argument. Citation to authorities is required in order to properly present an issue to this Court. TEX. R. APP. P. 38.1. This portion of his issue is inadequately briefed and therefore, presents nothing for review. *See* TEX. R. APP. P. 38.1(h); *see also Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008). We overrule issue eight.

*Admission of Extraneous Conduct*

Watkins complains that the trial court abused its discretion in allowing the admission of testimony by Smith that Watkins had told him that the police had found illegal drugs on his person when he was arrested for the murder because the testimony constituted improper evidence of extraneous conduct pursuant to Rule 404(b) of the

Rules of Evidence. *See* TEX. R. EVID. 404(b). Even if the admission of the testimony regarding Watkins's possession of illegal drugs at the time of his arrest was erroneous, the error, if any, was harmless because the same or similar testimony was introduced elsewhere without objection. *See Whitaker v. State*, 286 S.W.3d 355, 364 (Tex. Crim. App. 2009) (*citing Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (providing that overruling an objection to evidence will generally not result in reversal when evidence of the same fact was received, either before or after the complained-of ruling). A detective testified after Smith that illegal drugs were found on Watkins without objection by Watkins. We overrule issue nine.

*Prosecutorial Misconduct*

Watkins complains that the State committed prosecutorial misconduct in various phases of the trial. However, no objection was lodged to any of the instances of which Watkins now complains. A timely objection regarding prosecutorial misconduct is necessary to preserve error for purposes of appeal. *See Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010). We overrule issue ten.

*Legal and Factual Sufficiency*

Watkins complains that the evidence was both legally and factually insufficient for the jury to have found that either he or Robinson possessed the specific intent to kill White.

*Standard of Review*

The Court of Criminal Appeals has determined that there is now only one standard for determining the sufficiency of the evidence, which is the standard as set

forth in *Jackson v. Virginia*. *Brooks v. State*, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240 (Tex. Crim. App. Oct. 6, 2010) (plurality op.). In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We consider all of the evidence admitted at trial, even improperly admitted evidence, when performing this sufficiency review. *Clayton*, 235 S.W.3d at 778; *Moff v. State*, 131 S.W.3d 485, 489-90 (Tex. Crim. App. 2004). The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing an actor's guilt. *Clayton*, 235 S.W.3d at 778; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

*The Facts*

Watkins and Robinson had driven by White's residence multiple times in the weeks prior to the murder. Watkins and Robinson planned to steal marijuana and/or money that they believed was stored in a shed at the rear of White's property. Shortly after midnight, Watkins and Robinson parked a borrowed car down the alley from the back of White's residence. Watkins and Robinson were both armed. Watkins turned the power off to the residence from the outside electrical box. White and his son came outside to check on the electrical boxes, which had failed previously due to the age of the house. White's son went back into the house for a flashlight, and Watkins

approached White and a struggle ensued during which White sustained bruises and a lacerated lip. Watkins's .45 caliber handgun discharged. Robinson ran and joined the struggle, hitting White with a rifle. The butt stock on an AR-15 rifle Robinson was carrying was also broken at some point during the struggle. At some point, the rifle was discharged multiple times. In the autopsy, a contusion was located on White behind his right ear that was consistent in shape with the butt stock. Watkins was shot in the foot at some point during the struggle, and his DNA was matched with blood found at the scene.

White was shot four times. Two of the wounds were superficial on the trunk area of his body. One wound was in his right thigh, and the fourth entered into his chest on the left side and lodged on the right side of White's pelvic region where it was later recovered. The fourth described wound was fatal.

After the shooting, Watkins and Robinson fled the scene and drove away. White's wife saw a man jump her back fence and run down the alley, where a trail of blood later determined to be from Watkins was located. While incarcerated, Watkins told Smith that he was shot in the foot during a struggle with White that took place while they were trying to steal marijuana from White's residence.

*Analysis*

Watkins contends that the evidence was insufficient to show that either he or Robinson had the specific intent to kill White. Proof of a requisite culpable mental state is almost always proved by circumstantial evidence. *Dillon v. State*, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978). The intent to kill may be inferred from the use of a deadly

weapon in a deadly manner. *Adanandus v. State*, 866 S.W.2d 210, 215 (Tex. Crim. App. 1993). If a deadly weapon is used in a deadly manner, the inference of intent to kill is almost conclusive. *Adanandus*, 866 S.W.2d at 215. Where a deadly weapon is fired at close range and death results, the law presumes an intent to kill. *Womble v. State*, 618 S.W.2d 59, 64 (Tex. Crim. App. [Panel Op.] 1981). Both the AR-15 rifle and the .45 caliber handgun are deadly weapons, and when they were used by Watkins or Robinson, their intent to kill is presumed. *See Williams v. State*, 567 S.W.2d 507, 509 (Tex. Crim. App. 1978) (referencing a pistol). Using the appropriate standard and giving deference to the jury's determinations of credibility of the witnesses, we find that the evidence was sufficient for the jury to have determined that either Watkins or Robinson possessed the requisite intent to kill White. We overrule issues two and three.

*Ineffective Assistance of Counsel*

Watkins complains that he received ineffective assistance of counsel for approximately thirty errors he contends were made by his trial counsel. Watkins did not file a motion for new trial and the record is silent as to any trial strategy by Watkins's trial counsel.

To prevail on an ineffective-assistance claim, Watkins must prove (1) his trial counsel's representation fell below the objective standard of reasonableness; and (2) there is a reasonable probability that, but for his trial counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A defendant claiming ineffective assistance of counsel must

affirmatively prove prejudice from counsel's deficient performance. *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999). Watkins has made no effort in his brief to this Court to affirmatively prove the prejudice prong under *Strickland*. *Id.* Therefore, Watkins has not met his required burden. *See Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002). We overrule issue eleven.

*Attorney's Fees*

Watkins complains that the trial court erred in assessing attorney's fees and investigative fees for his court-appointed attorney and investigator because the evidence was insufficient to establish that his financial circumstances had changed since it was determined that he was indigent during the proceedings. The State agrees that the inclusion of the fees was erroneous. We hold that the inclusion of the court-appointed attorney's and investigator's fees was erroneous because there was no evidence of a change in Watkins' ability to pay the fees subsequent to the determination that he was indigent. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). We sustain issue thirteen.

*Conclusion*

We find that the trial court did not err by not conducting an evidentiary hearing or granting Watkins's motion to dismiss his attorney and that the denial of the motion did not constitute a "proceeding" pursuant to article 28.01 of the Code of Criminal Procedure. We find that the evidence was legally sufficient. We find that the trial court did not err in the jury charge by failing to include an instruction regarding the specific intent to kill of either Watkins or Robinson. We find that the trial court did not err by

failing to include an instruction that Hamilton was an accomplice as a matter of law and that although the failure to instruct the jury pursuant to article 38.075 of the Code of Criminal Procedure was erroneous, Watkins was not egregiously harmed by the omission. We find that the trial court did not err by failing to include an instruction regarding a witness's prior convictions or by submitting instructions that referenced abandoned paragraphs in the indictment. We find that the complaint regarding the extraneous conduct was harmless because the same testimony was elicited elsewhere without objection and that any complaint regarding prosecutorial misconduct was not preserved at trial and was waived. We find that Watkins did not prove the second prong of *Strickland* to establish that he had received ineffective assistance of counsel. We find that the trial court erred by assessing attorney's fees and investigator's fees and modify the judgment by deleting the award of attorney's fees and investigator's fees. As modified, the judgment of conviction is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Judge Scoggins[1]
Modified, and as Modified, Affirmed
Opinion delivered and filed December 1, 2010
Publish
[CRPM]

---

[1] The Honorable Al Scoggins, Judge of the 378th District Court of Ellis County, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).