Opinion filed August 31,
2011

 

 

 

                                                                      
In The

                                                                             


  Eleventh
Court of Appeals

                                                    __________

 

                                           No. 11-10-00019-CR 

                                                   
__________

 

                             
ABEL ENRIQUE FLORES, Appellant

 

                                                            
V.

 

                                     
STATE OF TEXAS, Appellee



 

                          
On Appeal from the County Court at Law No. Two

 

                                                             
Bell County, Texas

 

                                                
Trial Court Cause No. 2C0904974 

 



 

           
                               
M E M O R A N D U M   O P I N I O N

           
The trial court convicted Abel Enrique Flores of the offense of terroristic
threat.  The trial court assessed appellant’s punishment at confinement
for 180 days and a fine of $100.  The trial court also ordered appellant
to pay attorney’s fees in the amount of $500.  In a single issue on
appeal, appellant challenges the sufficiency of the evidence to support the
trial court’s imposition of attorney’s fees.  Because no evidence supported
such imposition, we modify the trial court’s judgment to delete the language
requiring appellant to pay attorney’s fees and, as modified, affirm the trial
court’s judgment.

           
We note that the trial court signed a document entitled “Judgment” and a
separate document entitled “Sentence.”  The trial court signed the
“Judgment” and the “Sentence” on the same day.  Together, the “Judgment”
and “Sentence” comprise the trial court’s judgment for the purposes of this
appeal.  See Tex. Code Crim.
Proc. Ann. art. 42.02 (Vernon 2006) (“The sentence is that part of the
judgment. . . .”).  In the “Sentence” part of the judgment, the trial
court ordered appellant to pay court-appointed attorney’s fees in the amount of
$500.

           
Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court
has authority to order a defendant to pay the attorney’s fees of appointed
counsel if the court determines that “[the] defendant has financial resources
that enable him to offset in part or in whole the costs of the legal services
provided.”  Tex. Code Crim. Proc.
Ann. art. 26.05(g) (Vernon Supp. 2010).  “[T]he defendant’s
financial resources and ability to pay are explicit critical elements in the
trial court’s determination of the propriety of ordering reimbursement of costs
and fees.”  Mayer v. State, 309 S.W.3d 552, 556 (Tex. Crim. App.
2010).  For the purpose of assessing attorney’s fees, once a defendant is
determined to be indigent, he is presumed to remain so through the proceedings
absent proof of a material change in his financial circumstances.  Article
26.04(p); Mayer, 309 S.W.3d at 557.  Accordingly, when a trial
court determines that the defendant is indigent at the outset of trial, there
must be some evidence presented to the trial court of a change in the
defendant’s financial circumstances before attorney’s fees can be assessed
against him.  Mayer, 309 S.W.3d at 557; Watkins v. State,
333 S.W.3d 771, 781-82 (Tex. App.—Waco 2010, pet. ref’d).

           
In this case, the trial court determined that appellant was indigent before
trial and appointed him trial counsel.  At trial, there was no evidence of
a material change in appellant’s financial status.  Additionally, the
trial court again determined that appellant was indigent when it appointed
appellate counsel to represent him.  Based on the lack of evidence showing
a material change in appellant’s financial status, the presumption of
appellant’s indigence remains.  Mayer, 309 S.W.3d at 557. 
Therefore, we hold that the evidence is insufficient to support the trial
court’s imposition of attorney’s fees against appellant.  Appellant’s
issue on appeal is sustained.

           
Based on our ruling, we modify the trial court’s judgment by deleting that part
of the “Sentence” requiring appellant to do the following: “Pay $500.00 of the
court appointed attorney’s fees.”  We affirm the trial court’s judgment as
modified.

 

 

                                                                                               
TERRY McCALL

                                                                                               
JUSTICE

 

August 31, 2011

Do not
publish.  See Tex. R. App.
P. 47.2(b).

Panel consists of:  Wright,
C.J.,

McCall, J., and Kalenak, J.