**Opinion filed August 31, 2011**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00019-CR

_____

### ABEL ENRIQUE FLORES, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. Two**

**Bell County, Texas**

**Trial Court Cause No. 2C0904974**

### M E M O R A N D U M   O P I N I O N

The trial court convicted Abel Enrique Flores of the offense of terroristic threat. The trial court assessed appellant's punishment at confinement for 180 days and a fine of $100. The trial court also ordered appellant to pay attorney's fees in the amount of $500. In a single issue on appeal, appellant challenges the sufficiency of the evidence to support the trial court's imposition of attorney's fees. Because no evidence supported such imposition, we modify the trial court's

judgment to delete the language requiring appellant to pay attorney's fees and, as modified, affirm the trial court's judgment.

We note that the trial court signed a document entitled "Judgment" and a separate document entitled "Sentence." The trial court signed the "Judgment" and the "Sentence" on the same day. Together, the "Judgment" and "Sentence" comprise the trial court's judgment for the purposes of this appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 42.02 (Vernon 2006) ("The sentence is that part of the judgment. . . ."). In the "Sentence" part of the judgment, the trial court ordered appellant to pay court-appointed attorney's fees in the amount of $500.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has authority to order a defendant to pay the attorney's fees of appointed counsel if the court determines that "[the] defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon Supp. 2010). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). For the purpose of assessing attorney's fees, once a defendant is determined to be indigent, he is presumed to remain so through the proceedings absent proof of a material change in his financial circumstances. Article 26.04(p); *Mayer*, 309 S.W.3d at 557. Accordingly, when a trial court determines that the defendant is indigent at the outset of trial, there must be some evidence presented to the trial court of a change in the defendant's financial circumstances before attorney's fees can be assessed against him. *Mayer*, 309 S.W.3d at 557; *Watkins v. State*, 333 S.W.3d 771, 781-82 (Tex. App.—Waco 2010, pet. ref'd).

In this case, the trial court determined that appellant was indigent before trial and appointed him trial counsel. At trial, there was no evidence of a material change in appellant's financial status. Additionally, the trial court again determined that appellant was indigent when it appointed appellate counsel to represent him. Based on the lack of evidence showing a material change in appellant's financial status, the presumption of appellant's indigence remains. *Mayer*, 309 S.W.3d at 557. Therefore, we hold that the evidence is insufficient to support the trial court's imposition of attorney's fees against appellant. Appellant's issue on appeal is sustained.

Based on our ruling, we modify the trial court's judgment by deleting that part of the "Sentence" requiring appellant to do the following: "Pay $500.00 of the court appointed attorney's fees." We affirm the trial court's judgment as modified.

TERRY McCALL
JUSTICE

August 31, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Kalenak, J.