

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-10-00424-CR

**LARRY RANDALL STEELE,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

_____

### From the 278th District Court
### Madison County, Texas
### Trial Court No. 11,379

_____

## MEMORANDUM  OPINION

_____

Larry Randall Steele was convicted in a bench trial of the offense of possession of cocaine less than one gram. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010). He was sentenced to two years confinement in a state jail facility. The trial court assessed attorney's fees in the judgment. In one issue, Steele challenges the sufficiency of the evidence to support the trial court's assessment of attorney's fees. We modify the trial court's judgment, and affirm it as modified.

For the purposes of assessing attorney's fees, once an accused is found to be indigent, he is presumed to remain so through the proceedings absent proof of a material change in his circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2011); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Watkins v. State*, 333 S.W.3d 771, 782 (Tex. App.—Waco 2010, pet. ref'd). Accordingly if the defendant is found to be indigent at the outset of trial, there must be some evidence presented to the trial court of a change in financial circumstances before attorney's fees can be assessed against the defendant. *See Mayer*, 309 S.W.3d at 553.

In this case, Steele was found to be indigent prior to trial and was appointed trial counsel. No evidence indicating a change in his financial circumstances was proffered during the trial. Additionally, the trial court determined that Steele was indigent for purposes of appeal, ordered the appointment of appellate counsel, and granted Steele a free record on appeal on account of his indigence. The State agrees that there is no evidence to support the trial court's assessment of attorney's fees. Accordingly, as the presumption of indigence remains, we hold that the evidence is insufficient to support the trial court's assessment of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2011); *Mayer*, 309 S.W.3d at 557; *Watkins*, 333 S.W.3d 771, 782.

Steele's sole issue is sustained.

Having found the evidence to be insufficient, we modify the trial court's judgment to delete the order to pay attorney's fees and order Steele to pay only the costs

of court in the amount of $280.00.  *See Mayer*, 309 S.W.3d at 557.  The trial court's judgment, as modified, is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed as modified
Opinion delivered and filed December 7, 2011
Do not publish
[CR25]