COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| BOBBY O'DELL CLARK, | § | No. 08-11-00136-CR |
| Appellant, | § | Appeal from the |
| v. | § | 109th District Court |
| THE STATE OF TEXAS, | § | of Andrews County, Texas |
| Appellee. | § | (TC# 5604) |
|  | § |  |

## **O P I N I O N**

Bobby O'Dell Clark appeals from the trial court's judgment convicting him of murder and sentencing him to 99 years' imprisonment.[1] By one issue, Clark contends that the evidence is insufficient to support his conviction because the State failed to prove he possessed the intent to kill.[2] We affirm.

## **INTENT TO KILL**

Clark does not dispute that he shot and killed Paul Adair. He does, however, dispute that he possessed the intent required to convict of him murder under Section 19.02(b)(1) of the Penal Code, which provides that "[a] person commits [murder] if he . . . intentionally or knowingly causes the death of an individual . . . ." TEX.PEN.CODE ANN. § 19.02(b)(1)(West 2011). Clark argues that he did not possess the intent required to convict him of murder because he meant to scare Adair, not kill him. We disagree.

---

[1] The State did not file a brief in response.

[2] In his brief, Clark makes reference to another possible issue. Specifically, he points out that a member of the jury had a son who ran around with the victim. Clark, however, did not object at trial and did not brief this "complaint" on appeal, and thus, has failed to preserve error for review. *See* TEX. R. APP. P. 33.1(a); 38.1(i).

### Standard of Review

In *Brooks v. State*, the Court of Criminal Appeals abandoned factual sufficiency review in those cases where the burden of proof is beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010)(finding no meaningful distinction between the legal and factual sufficiency standards and no justification for retaining both standards, therefore overruling the factual sufficiency review adopted in *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996)). The legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), is the only standard a reviewing court applies in determining whether the evidence is sufficient to support a conviction. *Brooks*, 323 S.W.3d at 894-95. Therefore, we will review the evidence under the *Jackson* legal sufficiency standard and determine whether the evidence is sufficient to support the challenged elements beyond a reasonable doubt. *See id.*, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789.

When reviewing the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the offense beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007), *quoting Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2788-89. Under a legal sufficiency review, we may not substitute our judgment for that of the jury, who is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the evidence. *Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App. 2007). We therefore defer to the jury's resolution of these issues and to its responsibility to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13, *citing Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2788-89. In resolving

2

what the facts are and what reasonable inferences may be drawn from them, the jury may accept one version of the facts and reject another, and it may reject any part of a witness's testimony, even if uncontradicted. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000), *overruled on other grounds*, *Laster v. State*, 275 S.W.3d 512 (Tex.Crim.App. 2009); *Henderson v. State*, 29 S.W.3d 616, 623 (Tex.App.--Houston [1st Dist.] 2000, pet. ref'd).

### *Applicable Law*

To sustain Clark's murder conviction under Section 19.02(b)(1), the evidence must establish that Clark possessed the specific intent to kill Adair. *Roberts v. State*, 273 S.W.3d 322, 331 n.11 (Tex.Crim.App. 2008); *Flanagan v. State*, 675 S.W.2d 734, 741 (Tex.Crim.App. [Panel Op.] 1984)(op. on reh'g). Whether Clark possessed the intent to kill Adair was a question of fact for the jury to determine. *Brown v. State*, 122 S.W.3d 794, 800 (Tex.Crim.App. 2003).

In determining whether Clark possessed the intent to kill Adair, the jury was permitted to use its collective common sense and apply common knowledge and experience and to rely upon any evidence that it believed proved the existence of that intent. *Brown*, 122 S.W.3d at 800; *Rodriguez v. State*, 90 S.W.3d 340, 355 (Tex.App.--El Paso 2001, pet. ref'd). It was therefore proper for the jury to rely upon circumstantial evidence such as Clark's acts, words, and conduct to infer that he possessed the intent to kill. *Laster*, 275 S.W.3d at 524; *Guevara v. State*, 152 S.W.3d 45, 50 (Tex.Crim.App. 2004). Likewise, it was proper for the jury to rely upon Clark's use of a deadly weapon – the gun – to infer that he possessed the intent to kill. This is because when a defendant uses a deadly weapon in a deadly manner, *i.e.*, by firing a gun at close range, the law presumes intent to kill and this inference is almost conclusive. *Brown*, 122 S.W.3d at 800-01; *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996); *Womble v. State*, 618 S.W.2d 59, 64

3

(Tex.Crim.App. 1981); *Watkins v. State*, 333 S.W.3d 771, 781 (Tex.App.--Waco 2010, pet. ref'd). If, however, the jury believed that Clark's use of the gun could not have resulted in death or serious bodily injury, it would have been impermissible for it to infer that Clark possessed the intent to kill Adair when he fired his gun at close range. *Brown*, 122 S.W.3d at 800-01; *Jones*, 944 S.W.2d at 647; *Flanagan*, 675 S.W.2d at 741.

### *Discussion*

When viewed in the light most favorable to the verdict, the circumstances surrounding Adair's death support a rational finding that Clark acted with the specific intent to kill Adair. As set forth above, the jury was permitted to rely on Clark's own words and acts to infer that he intended to kill Adair. Clark testified that he "thought about going over [to Adair's house] and shooting [Adair]" because he was mad at Adair for stealing money from him. Clark also testified that he told his wife that he was going to drive over to Adair's house to kill him. According to Clark, as he sat in his truck, he retrieved his gun, placed it on the seat, and stuck "a bunch" of shells in his pocket. While driving to Adair's house, Clark continued to harbor thoughts of killing Adair, though he testified that when he was halfway to Adair's house, he realized "I ain't no murderer" and resolved not to shoot Adair. As the exclusive judge of the credibility of the witnesses, the jury could have chosen not to believe that Clark had second thoughts about killing Adair. *See Williams*, 235 S.W.3d at 750.

It was also permissible for the jury to rely upon the manner in which Clark used his gun to infer that he possessed the intent to kill Adair. Clark testified that he shot Adair at close range when Adair was "right on top of [him]" with a baseball bat. Clark admitted to pulling the trigger while jerking the gun upward in Adair's direction. While Clark testified that he did not know if

4

the bullet would strike Adair and was surprised to discover that it had, the jury was justified in concluding that Clark's use of the gun under these circumstances was a "manner of use" in which death or serious bodily harm was a likely result.

Clark contends that the jury could not have reasonably inferred that he possessed the intent to kill Adair when he fired his gun at close range, because his testimony that he meant simply to scare Adair "was the only direct evidence . . . as to [his intent]" and "was not contradicted."[3] Given the evidence presented, the jury was free to believe that Clark intended to kill Adair notwithstanding his testimony to the contrary. *See Margraves*, 34 S.W.3d at 919; *Henderson*, 29 S.W.3d at 623. That the jury chose not to believe Clark was within its exclusive province, and in conducting our legal sufficiency review, we are prohibited from re-evaluating the weight and credibility of Clark's testimony or substituting our judgment for that of the jury. *See Williams*, 235 S.W.3d at 750.

We conclude that the evidence is legally sufficient to support the jury's finding that Clark possessed the specific intent to kill Adair. Accordingly, we overrule Clark's single issue.

## CONCLUSION

The judgment of the trial court is affirmed.

November 14, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)

---

[3] Clark's assertion that he meant simply to scare Adair is contradicted by his own testimony. Clark testified that he "was hoping the blast would scare [Adair] off." However, minutes earlier, Clark testified that "[he] didn't try to shoot at [Adair] to scare him or slow him down or anything like that."