COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 BOBBY O’DELL CLARK,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 No. 08-11-00136-CR
  
 Appeal from the
  
 109th
 District Court
  
 of Andrews
 County, Texas 
  
 (TC# 5604) 
  
 
 


 

O
P I N I O N

            Bobby O’Dell Clark appeals from the trial
court’s judgment convicting him of murder and sentencing him to 99 years’
imprisonment.[1]  By one issue, Clark contends that the evidence is insufficient to
support his conviction because the State failed to prove he possessed the intent
to kill.[2]  We affirm.

INTENT
TO KILL

            Clark does not dispute
that he shot and killed Paul Adair.  He
does, however, dispute that he possessed the intent required to convict of him
murder under Section 19.02(b)(1) of the Penal Code, which provides that “[a]
person commits [murder] if he . . . intentionally or knowingly causes the death
of an individual . . . .”  Tex.Pen.Code Ann. § 19.02(b)(1)(West
2011).  Clark argues that he did not possess
the intent required to convict him of murder because he meant to scare Adair,
not kill him.  We disagree.

Standard of Review

In Brooks
v. State, the Court of Criminal Appeals abandoned factual sufficiency
review in those cases where the burden of proof is beyond a reasonable
doubt.  Brooks v. State, 323 S.W.3d 893, 894-95 (Tex.Crim.App.
2010)(finding no meaningful distinction between the legal and factual
sufficiency standards and no justification for retaining both standards,
therefore overruling the factual sufficiency review adopted in Clewis v. State, 922 S.W.2d 126, 133
(Tex.Crim.App. 1996)).  The legal
sufficiency standard articulated in Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979),
is the only standard a reviewing court applies in determining whether the
evidence is sufficient to support a conviction. 
Brooks, 323 S.W.3d at
894-95.  Therefore, we will review the
evidence under the Jackson legal
sufficiency standard and determine whether the evidence is sufficient to
support the challenged elements beyond a reasonable doubt.  See id., citing Jackson, 443 U.S. at 319, 99 S.Ct. at 2789.

When reviewing the sufficiency of the
evidence to support a criminal conviction, we view the evidence in the light
most favorable to the verdict to determine whether, based on that evidence and
reasonable inferences therefrom, a rational juror could have found the
essential elements of the offense beyond a reasonable doubt.  Hooper
v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007), quoting Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2788-89.  Under a legal sufficiency review, we may not
substitute our judgment for that of the jury, who is the exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given to the evidence.  Williams
v. State, 235 S.W.3d 742, 750 (Tex.Crim.App. 2007).  We therefore defer to the jury’s resolution
of these issues and to its responsibility to draw reasonable inferences from
basic facts to ultimate facts.  Hooper, 214 S.W.3d at 13, citing Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2788-89.  In resolving what the facts are and what
reasonable inferences may be drawn from them, the jury may accept one version
of the facts and reject another, and it may reject any part of a witness’s
testimony, even if uncontradicted.  See Margraves v. State, 34 S.W.3d 912,
919 (Tex.Crim.App. 2000), overruled on
other grounds, Laster v. State,
275 S.W.3d 512 (Tex.Crim.App. 2009); Henderson
v. State, 29 S.W.3d 616, 623 (Tex.App.--Houston [1st Dist.] 2000, pet. ref’d).

Applicable Law

To sustain Clark’s murder conviction under
Section 19.02(b)(1), the evidence must establish that Clark possessed the specific
intent to kill Adair.  Roberts v. State, 273 S.W.3d 322, 331
n.11 (Tex.Crim.App. 2008); Flanagan v.
State, 675 S.W.2d 734, 741 (Tex.Crim.App. [Panel Op.] 1984)(op. on
reh’g).  Whether Clark possessed
the intent to kill Adair was a question of fact for the jury to determine.  Brown
v. State, 122 S.W.3d 794, 800 (Tex.Crim.App. 2003).

In determining
whether Clark possessed the intent to kill Adair, the jury was permitted to use
its collective common sense and apply common knowledge and experience and to
rely upon any evidence that it believed proved the existence of that
intent.  Brown, 122 S.W.3d at 800; Rodriguez
v. State, 90 S.W.3d 340, 355 (Tex.App.--El Paso 2001, pet. ref’d).  It was therefore proper for the jury to rely
upon circumstantial evidence such as Clark’s acts, words, and conduct to infer that
he possessed the intent to kill.  Laster, 275 S.W.3d at 524; Guevara v. State, 152 S.W.3d 45, 50
(Tex.Crim.App. 2004).  Likewise, it was
proper for the jury to rely upon Clark’s use of a deadly weapon – the gun – to
infer that he possessed the intent to kill. 
This is because when a defendant uses a deadly weapon in a deadly
manner, i.e., by firing a gun at
close range, the law presumes intent to kill and this inference is almost
conclusive.  Brown, 122 S.W.3d at 800-01; Jones
v. State, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996); Womble v. State, 618 S.W.2d 59, 64 (Tex.Crim.App. 1981); Watkins v. State, 333 S.W.3d 771, 781
(Tex.App.--Waco 2010, pet. ref’d).  If,
however, the jury believed that Clark’s use of the gun could not have resulted
in death or serious bodily injury, it would have been impermissible for it to
infer that Clark possessed the intent to kill Adair when he fired his gun at
close range.  Brown, 122 S.W.3d at 800-01; Jones,
944 S.W.2d at 647; Flanagan, 675 S.W.2d at 741.

Discussion

When viewed in the
light most favorable to the verdict, the circumstances surrounding Adair’s
death support a rational finding that Clark acted with the specific intent to
kill Adair.  As set forth above, the jury
was permitted to rely on Clark’s own words and acts to infer that he intended
to kill Adair.  Clark testified that he “thought
about going over [to Adair’s house] and shooting [Adair]” because he was mad at
Adair for stealing money from him.  Clark
also testified that he told his wife that he was going to drive over to Adair’s
house to kill him.  According to Clark,
as he sat in his truck, he retrieved his gun, placed it on the seat, and stuck
“a bunch” of shells in his pocket.  While
driving to Adair’s house, Clark continued to harbor thoughts of killing Adair,
though he testified that when he was halfway to Adair’s house, he realized “I
ain’t no murderer” and resolved not to shoot Adair.  As
the exclusive judge of the credibility of the witnesses, the jury could have
chosen not to believe that Clark had second thoughts about killing Adair.  See Williams,
235 S.W.3d at 750.

It was also
permissible for the jury to rely upon the manner in which Clark used his gun to
infer that he possessed the intent to kill Adair.  Clark testified that he shot Adair at close range
when Adair was “right on top of [him]” with a baseball bat.  Clark admitted to pulling the trigger while
jerking the gun upward in Adair’s direction. 
While Clark testified that he did not know if the bullet would strike
Adair and was surprised to discover that it had, the jury was justified in concluding that Clark’s use
of the gun under these circumstances was a “manner of use” in which death or
serious bodily harm was a likely result.

Clark contends that the jury could not
have reasonably inferred that he possessed the intent to kill Adair when he
fired his gun at close range, because his testimony that he meant simply to
scare Adair “was the only direct
evidence . . . as to [his intent]” and “was not contradicted.”[3]  Given the evidence presented, the jury was
free to believe that Clark intended to kill Adair notwithstanding his testimony
to the contrary.  See Margraves, 34 S.W.3d at 919; Henderson, 29 S.W.3d at 623. 
That the jury chose not to believe Clark was within its exclusive province,
and in conducting our legal sufficiency review, we are prohibited from
re-evaluating the weight and credibility of Clark’s testimony or substituting
our judgment for that of the jury.  See Williams, 235 S.W.3d at 750.

We conclude that the evidence is legally sufficient to support
the jury’s finding that Clark possessed the specific intent to kill Adair. 
Accordingly, we overrule Clark’s single issue.   

CONCLUSION

            The
judgment of the trial court is affirmed.

 

 

November 14, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)











[1]
The State did not file a brief in response.

 





[2]
In his brief, Clark makes reference to another possible issue.  Specifically, he points out that a member of
the jury had a son who ran around with the victim.  Clark, however, did not object at trial and
did not brief this “complaint” on appeal, and thus, has failed to preserve
error for review.  See Tex. R. App. P.
33.1(a); 38.1(i).





[3]
Clark’s assertion that he meant simply to scare Adair is contradicted by his
own testimony.  Clark testified that he
“was hoping the blast would scare [Adair] off.” 
However, minutes earlier, Clark testified that “[he] didn’t try to shoot
at [Adair] to scare him or slow him down or anything like that.”