

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0789-14

**CHRISTOPHER ALLEN PHILLIPS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### McLENNAN COUNTY

**KELLER, P.J., filed a concurring opinion.**

I believe that the jailhouse-witness statute was designed to operate like the accomplice-witness statute. Therefore, I would analyze the testimony in this case as I would if it had been accomplice-witness testimony.[1] The question, then, is whether corroboration would be required if an accomplice witness testified to incriminating evidence that was not an admission or confession.

---

[1]*See Watkins v. State*, 333. S.W.3d 771, 778 (Tex. App.–Waco 2010, pet. ref'd) (concluding that "the standard for corroboration of statements against interest made while incarcerated is the same as that for the corroboration of accomplice witness testimony"); *see also Ruiz v. State*, 358 S.W.3d 676, 680 (Tex. App.–Corpus Christi 2011, no pet.) ("We find the reasoning of the Waco Court persuasive and conclude that the standard for corroboration of jailhouse informant testimony under article 38.075 is the same as standard for corroboration of accomplice-witness testimony under article 38.14." (citing *Watkins*, 333 S.W.3d at 778)).

The "convicted of an offense on the testimony of"[2] language in the jailhouse-witness statute and the "conviction cannot be had upon the testimony of"[3] language in the accomplice-witness statute is designed to avoid the conviction of an innocent person on the testimony of an interested witness.[4] But a person cannot be "convicted on" testimony that does not establish guilt.

Nevertheless, we typically require an accomplice-witness instruction for any accomplice-witness testimony,[5] so I would require an instruction in this case as well. But it seems clear that when the questionable testimony of the witness does not relate an admission or confession, the lack of a jury instruction on the matter will be harmless.[6] This is because, unless other evidence "tending to connect the defendant to the offense" independently establishes the defendant's guilt, the evidence to support the conviction will be insufficient. I join the court's opinion.

Filed: June 3, 2015
Publish

---

[2] TEX. CODE CRIM. PROC. ANN. art. 38.075(a).

[3] TEX. CODE CRIM. PROC. ANN. art. 38.14.

[4] Senate Committee on Criminal Justice, Bill Analysis, 81st Leg., S.B. 1681 (April 1, 2009) (describing the need for art. 38.075 because "[t]he veracity of an in-custody informant's statement can be highly suspect.").

[5] *Blake v. State*, 971 S.W.2d 451, 455 (Tex. Crim. App. 1998).

[6] *See Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002) ("Therefore non-accomplice evidence can render harmless a failure to submit an accomplice witness instruction by fulfilling the purpose an accomplice witness instruction is designed to serve."); *see also Brooks v. State*, 357 S.W.3d 777, 781-82 (Tex. App.–Houston [14th Dist.] 2011, pet. ref'd) ("Therefore, the existence of corroborating evidence tending to connect appellant to the offense can render harmless the trial court's failure to submit an article 38.075 instruction by fulfilling the purpose that such an instruction is designed to serve." (internal quotation marks omitted)).