

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00151-CR

**DIAMONTAE OKIESE DUNSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 443rd District Court
### Ellis County, Texas
### Trial Court No. 47161CR

## MEMORANDUM OPINION

A jury found Appellant Diamontae Okiese Dunson guilty of the offense of capital murder, and the trial court imposed an automatic life sentence. This appeal ensued. In his sole issue, Dunson argues that the evidence was legally insufficient to support the conviction for capital murder. We affirm.

### Authority

The Court of Criminal Appeals has defined our standard of review of a sufficiency issue as follows:

When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732–33 (Tex. Crim. App. 2018).

## Discussion

Dunson argues that the evidence was not sufficient, specifically to prove that (1) the murder was committed intentionally and (2) Dunson was a party or co-conspirator to the offense.

Intent is often proven by circumstantial evidence. Here, evidence was presented showing that the victim was shot from close range. Where a deadly weapon is fired at close range and death results, the law presumes an intent to kill. *Watkins v. State*, 333 S.W.3d 771, 781 (Tex. App.—Waco 2010, pet. ref'd). Additionally, the shooter confessed that the victim looked like he had a gun, and the shooter shot the victim because he thought the victim was going to pull a gun on him. While this may be evidence of self-defense justification, a justification "by definition, does not negate any element of the offense, including culpable intent; it only excuses what would otherwise constitute criminal conduct." *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007). Therefore, a justification defense can be evidence used to infer or show intent. A jury may infer intent from any facts that tend to prove its existence, including the acts, words, and conduct of the accused, the method of committing the crime, and the nature of the wounds inflicted on the victims. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002) (quoting *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (Meyers, J., concurring)). Jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *See Brooks*, 323 S.W.3d at 899. Therefore, we

presume that the jury resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *See Merritt*, 368 S.W.3d at 525.

"A person is criminally responsible for an offense committed by the conduct of another if…acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PEN. CODE ANN. § 7.02(a)(2). Dunson argues that he could not have been a party to the offense because: (1) he was not present at the scene of the offense, (2) there was no evidence he agreed to share in the proceeds of the robbery, and (3) he could not have anticipated that the victim would be murdered during the robbery. While these are all factors which could be considered in determining party liability, none of them are required elements. Courts may consider "events occurring before, during, and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to commit the offense." *See Burdine v. State*, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986). Additionally, evidence that a defendant knew his co-conspirators might use guns during the robbery can be sufficient to demonstrate that the defendant should have anticipated the possibility of murder occurring during the course of the robbery. *See Davis v. State*, 276 S.W.3d 491, 495 (Tex. App.—Waco 2008, pet. ref'd). Here, Dunson admitted he knew it was a robbery and that he gave a gun to one of the participants to effectuate the robbery.

Considering the foregoing evidence viewed in the light most favorable to the verdict, we conclude that the jury could have rationally found beyond a reasonable doubt that the murder was intentional and that Dunson was a party to the offense. Therefore,

the evidence was sufficient for the jury to have rationally determined that the murder was committed intentionally, and that Dunson was a party or co-conspirator to the offense.

We overrule Dunson's sole issue.

## Conclusion

Having overruled Dunson's sole issue, we affirm the trial court's judgment.

MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed August 29, 2024
Do not publish
[CRPM]

