**AFFIRM; and Opinion Filed April 7, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01628-CR

### JOSE CUTBERTO VALLE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F-11-61804-J**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lewis

A jury found appellant Jose Cutberto Valle guilty of capital murder, assessed appellant's

punishment at confinement for life without parole, and ordered appellant to pay court costs.

Appellant raises two issues on appeal dealing with the sufficiency of the evidence. We affirm the

trial court's judgment. Because all dispositive issues are settled in law, we issue this

memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

### Background

Sergio Teran testified that he began communicating with Alexandro Granados ("Alex")

online via chat room regarding the purchase of a .44 magnum handgun. On November 7, 2011,

Teran asked appellant to drive him to meet with Alex because Teran was not familiar with the

area where Alex lived. Teran testified appellant almost hit a car on the way to the gun purchase;

he claimed appellant was "all barred out" from doing too many drugs earlier that day. Teran testified he and appellant stopped at a store to buy some sodas and a "dope house to get some weed." Teran first saw appellant was carrying a gun in his jacket when they left the dope house. Teran received a text message from Alex with directions regarding when and where to meet. At approximately 10:00 p.m., Alex walked outside his apartment into the parking lot to meet with Teran. Teran got out of the front seat of the car and crawled into the back seat. Alex got into the front passenger seat of the car and showed Teran the gun he was selling. Teran and appellant both looked at the gun. Alex and Teran negotiated a price, came to an agreement, and Teran gave Alex $149 for the gun. Teran and Alex began to discuss other guns that Alex could sell to Teran. Alex and Teran both got out of the car, Teran gave Alex the $149 cash, Teran left the .44mm magnum in the back seat, and Teran sat down sideways in the passenger-side front seat of the car. The car door was still open, and Teran's feet were not in the vehicle while he and Alex were discussing the other guns. Alex was texting his contact and asking for pictures of the other guns to show Teran.

When Alex received the pictures on his phone, he placed the cash from the sale onto the dash and began showing Teran the pictures; this is when appellant put the car in gear and began to drive away. Teran was trying to turn and pull his feet into the car and Alex was trying to climb into the car to get his cash from the gun sale. Appellant drove the car down an alley scraping the passenger side of the car along a fence while trying to knock Alex off the side of the car. Teran testified if Alex had not crawled into the car on top of Teran, Alex would have been crushed. When scraping the car along the fence did not get rid of Alex, appellant pulled his 9mm handgun out of his jacket and pointed it directly in front of Teran and at Alex. Teran pushed the gun down and appellant pulled the trigger. Teran testified the bullet went directly through his upper leg but

he did not know Alex had been hit. Alex fell out of the car and appellant and Teran left the scene. Alex died from the gunshot to his chest.

**Analysis**

In both issues raised before this Court, appellant challenges the sufficiency of the evidence. We review the sufficiency of the evidence in a criminal case using the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In determining the sufficiency of the evidence, we consider all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 326; *Brooks*, 323 S.W.3d at 912. It is the responsibility of the jury to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. We may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). "Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

*1. Intent to Commit Murder*

In his first issue, appellant contends the evidence is insufficient to support a finding that he possessed the specific intent to commit murder. A person commits murder if he intentionally or knowingly causes the death of an individual or he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. TEX.

PENAL CODE ANN. § 19.02(b) (West 2011). In order to obtain a conviction for capital murder, the State was required to show appellant committed murder in the course of committing or attempting to commit robbery. TEX. PENAL CODE ANN. § 19.03(a)(2) (West Supp. 2013). Murder is a "result of conduct" offense, which requires that the culpable mental state relate to the result of the conduct—causing the death. *See* TEX. PENAL CODE ANN. § 19.02(b). The specific intent to kill may be inferred from the use of a deadly weapon. *Cavazos v. State*, 382 S.W.3d 377, 384 (Tex. Crim. App. 2012). When a deadly weapon is used in a deadly manner, the inference of intent to kill is almost conclusive. *Watkins v. State*, 333 S.W.3d 771, 781 (Tex. App.—Waco 2010, pet. ref'd) (citing *Adanandus v. State*, 866 S.W.2d 210, 215 (Tex. Crim. App. 1993)).

Here, appellant contends the evidence is insufficient to support the finding that he possessed the required specific intent to kill. Within this issue, appellant relies on his claim that Alex's death was nothing more than the "fortuitous result of [appellant's] threatening exhibition of the gun during the victim's assault on his friend." Appellant argues the evidence shows he was not attempting to shoot Alex in a vital area of the body and cause death.

The medical examiner testified Alex died of a single gunshot that entered the side of his chest, nearly severed his spinal cord, and exited through his back. Forensic testing showed Alex was less than three feet from the barrel of the gun when shot. Testimony from the medical examiner and forensic testing both were consistent with Teran's testimony about the sequence of events.

Teran testified Alex was trying to crawl into the car because appellant had begun to drive away with Alex's money and the .44 magnum handgun Alex had just sold to Teran still in the car. Appellant next scraped the side of the car against the fence in the alley trying to force Alex off of the car and off of Teran. Teran testified if Alex had not been trying to get into the car, he

–4–

would have been crushed between the car and the fence. The next thing Teran remembered was appellant pulled out his 9mm handgun from his jacket and pointed it in front of Teran and directly at Alex. Teran pushed the gun down as appellant pulled the trigger. The bullet from appellant's 9mm handgun traveled through Teran's leg, into Alex's chest, through Alex's upper body, and exited out Alex's back, which resulted in the death of Alex.

Appellant argues the law only allows the permissible inference of specific intent by use of a deadly weapon when there is deliberate action on the part of the defendant in pointing and firing a loaded weapon at a person. He acknowledges the evidence presented pertaining to the "spontaneous robbery of the victim's gun" but argues the facts of this case do not allow us to use the permissible inference supplied by use of a deadly weapon in a deadly manner. We disagree. The jury heard that appellant drove his car into the side of the fence trying to crush Alex, pulled out his 9mm handgun, pointed it directly at Alex, fired the gun at close range, and killed Alex. Given the evidence in the case, we conclude it is sufficient to show appellant had the intent to commit murder. *See Watkins*, 333 S.W.3d at 781 ("Where a deadly weapon is fired at close range and death results, the law presumes an intent to kill."). We overrule appellant's first issue.

## 2. Court Costs

Appellant next argues the evidence was insufficient to support the assessment of court costs against him in the amount of $239.00, contending the record in this case does not contain a proper written bill of costs.

The record before us contains the bill of costs. These complaints have been previously addressed and rejected. *See Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at *4-8 (Tex. Crim. App. Feb. 26, 2014); *Coronel v. State*, 416 S.W.3d 550, 555-56 (Tex. App.−Dallas 2013, pet. ref'd). We overrule appellant's second issue.

**Conclusion**

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

/David Lewis/
DAVID LEWIS
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47.

121628F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOSE CUTBERTO VALLE, Appellant

No. 05-12-01628-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F-1161804-J.
Opinion delivered by Justice Lewis.
Justices Francis and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of April, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE