**Opinion filed August 7, 2014**



## In The

# Eleventh Court of Appeals

_____

## Nos. 11-14-00002-CR & 11-14-00003-CR

_____

## HORACIO GARCIA CASTRO, Appellant
## V.
## THE STATE OF TEXAS, Appellee

### On Appeal from the 106th District Court
### Dawson County, Texas
### Trial Court Cause Nos. 06-6609 & 07-6652

### M E M O R A N D U M   O P I N I O N

In these causes, Horacio Garcia Castro appeals from the trial court's revocation of his community supervision. We modify and affirm.

Appellant pleaded guilty in June 2007 to the offense of possession of methamphetamine (No. 11-14-00002-CR) and to the offense of failure to appear (No. 11-14-00003-CR). In accordance with a plea agreement, the trial court convicted Appellant of both offenses and assessed Appellant's punishment at confinement for ten years and a fine of $2,000 for each offense. The trial court suspended the imposition of the confinement portion of both sentences, and it

placed Appellant on community supervision for a term of ten years for each offense.

In December 2010, the State filed an application to revoke Appellant's community supervision in both causes based upon multiple allegations that Appellant had violated the terms and conditions of his community supervision. The State alleged, among other things, that Appellant had violated the terms and conditions of his community supervision by using cocaine and consuming alcohol on or about July 25, 2008, and by failing to report by mail to the Dawson County Community Supervision Department for more than thirty months.

At a hearing, Appellant pleaded "not true" to all of the allegations in the applications. The evidence at the hearing showed that Appellant's community supervision was transferred from Dawson County to Denton County in August 2007. After the transfer, Appellant was required to report by mail to the Dawson County Community Supervision Department on a monthly basis. The State presented evidence that supported the allegations in the applications, including evidence that Appellant failed to report by mail for more than thirty months to the Dawson County Community Supervision Department and that Appellant used cocaine and consumed alcohol on July 25, 2008. Appellant testified at the hearing. He acknowledged that he had signed forms in which he admitted that he used cocaine and consumed alcohol on July 25, 2008. After receiving evidence, the trial court found all the allegations in the applications in both causes to be true, revoked Appellant's community supervision in both causes, and assessed Appellant's punishment at confinement for ten years and a fine of $2,000 for each offense. The trial court ordered that the sentences run consecutively.

Appellant's court-appointed counsel has filed a motion to withdraw in these appeals. In each appeal, the motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and

states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief in each appeal and advised Appellant of his right to review the record and file a response to counsel's brief.[1] No response has been filed.[2] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

However, although counsel has found no reversible error and has concluded that these appeals are frivolous, counsel states that "[t]here does seem to be one issue regarding appointed attorney fees."[3] In September 2013, the trial court determined that Appellant was indigent and appointed an attorney to represent him. The trial court rendered its judgments in these causes on December 18, 2013. In the judgments, the trial court assessed $300 in court-appointed attorney's fees. Counsel states in his briefs that he "has reviewed the record and cannot find any evidence that would support the finding of any material change in financial circumstances that would warrant imposition of appointed attorney fees." Thus, counsel has raised the issue of whether the trial court erred when it assessed court-appointed attorney's fees against Appellant.

---

[1]Counsel also provided Appellant with a copy of the reporter's record and a copy of the clerk's record in these appeals.

[2]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

[3]Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that no reversible error exists. *Schulman*, 252 S.W.3d at 409. In this regard, proof of one violation of the terms and conditions of community supervision is sufficient to support the revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980); *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978).

Because counsel has identified an alleged error in the judgments, we will treat the briefs as briefs on the merits and address the alleged error.[4] For the purpose of assessing attorney's fees, once a defendant is determined to be indigent, he is presumed to remain so for the remainder of the proceedings absent proof of a material change in his financial circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West. Supp. 2013); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). Accordingly, when a trial court determines that the defendant is indigent, there must be some evidence presented to the trial court of a change in the defendant's ability to pay attorney's fees before the fees can be assessed against the defendant. *Mayer*, 309 S.W.3d at 557; *Watkins v. State*, 333 S.W.3d 771, 781–82 (Tex. App.—Waco 2010, pet. ref'd); *Roberts v. State*, 327 S.W.3d 880, 884 (Tex. App.—Beaumont 2010, no pet.). In these cases, there was no evidence of a material change in Appellant's financial status. Therefore, the trial court erred by imposing attorney's fees against Appellant.[5]

Based on our ruling, we modify the trial court's judgments in cause no. 06-6609 and in cause no. 07-6652 by deleting the following language from the judgments: "APPOINTMENT OF ATTORNEY FEE: $300.00." We affirm the judgments as modified.

PER CURIAM

August 7, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[4]Accordingly, counsel's motions to withdraw are dismissed as moot.

[5]We note that neither the original judgments placing Appellant on community supervision nor the plea bargain agreements included an assessment of attorney's fees. *See Wiley v. State*, 410 S.W.3d 313, 319–21 (Tex. Crim. App. 2013).

4