ACCEPTED
01-14-00715-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/13/2015 2:42:38 PM
CHRISTOPHER PRINE
CLERK

## No. 01-14-00715-CR

In the
Court of Appeals
For the
First Judicial District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

2/13/2015 2:42:38 PM

CHRISTOPHER A. PRINE
Clerk

——————◆——————

## No. 1406601

In the 178th District Court of
Harris County, Texas

——————◆——————

## KEITH WAYNE FRANCES
*Appellant*

v.

## THE STATE OF TEXAS
*Appellee*

——————◆——————

STATE'S APPELLATE BRIEF

——————◆——————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**CARLY DESSAUER**
Assistant District Attorney

Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
Tel.:  713/755-5826
Fax No.:  713/755-5809

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 9.4(g) and Texas Rule of Appellate Procedure 39.1, the State requests oral argument only if appellant requests oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Carly Dessauer** — Assistant District Attorney on appeal

**Erik Locascio** — Assistant District Attorney at trial

**Jessica Vu** — Assistant District Attorney at trial

Appellant or criminal defendant:

**Keith Wayne Frances**

Counsel for Appellant:

**Casey Garrett** — Attorney on appeal

**Crystal D. Henderson** — Attorney at trial

Trial Judge:

**Hon. Lee Duggan**

**Hon. David Mendoza**

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ...................................................... ii

IDENTIFICATION OF THE PARTIES ............................................................. ii

TABLE OF AUTHORITIES .................................................................... iv

STATEMENT OF THE CASE ..................................................................... 1

STATEMENT OF FACTS ........................................................................ 1

SUMMARY OF THE ARGUMENT ................................................................... 1

REPLY TO APPELLANT'S POINT OF ERROR ...................................................... 2

I.  As the trial court did not hold any type of proceeding to decide appellant's
    motion to set aside the judgment, the court did not violate appellant's right
    to be present. ........................................................................ 2

    a.  The trial court did not violate appellant's right to be present under article
        28.01, section 1 when it denied appellant's motion to set aside the
        indictment outside of appellant's presence. ...................................... 2

    b.  The trial court did not violate appellant's constitutional right to be
        present when the court denied his motion because appellant's presence
        was not reasonably related to his opportunity to defend himself. ................. 6

CONCLUSION ................................................................................ 8

CERTIFICATE OF COMPLIANCE ................................................................. 9

CERTIFICATE OF SERVICE .................................................................... 10

# TABLE OF AUTHORITIES

**CASES**

*Adanandus v. State,*
   866 S.W.2d 210 (Tex. Crim. App. 1993) ................................................................. 4, 6, 7

*Jones v. State,*
   No. 14-87-00951-CR, 1989 WL 31803
   (Tex. App.—Houston [14th Dist.] Apr. 6, 1989, no pet.)
   (not designated for publication) ................................................................................. 5

*Lawrence v. State,*
   240 S.W.3d 912 (Tex. Crim. App. 2007) ................................................................. 7

*Riggall v. State,*
   590 S.W.2d 460 (Tex. Crim. App. 1979) ................................................................. 3

*Snyder v. Massachusetts,*
   291 U.S. 97 (1934), *overruled on other grounds,*
   *Mallory v. Hogan,* 378 U.S. 1 (1964) ....................................................................... 6

*State v. Rogers,*
   138 S.W.3d 524 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ........................... 7

*State v. Rosenbaum,*
   910 S.W.2d 934 (Tex. Crim. App. 1994) ................................................................. 7

*Watkins v. State,*
   333 S.W.3d 771 (Tex. App.—Waco 2010, pet. ref'd) ............................................. 3, 5

*Whittington v. State,*
   680 S.W.2d 505 (Tex. App.—Tyler 1984, pet. ref'd) ................................................ 3

**STATUTES**

Tex. Code Crim. Proc. Ann. art. 28.01, §1 (West 2006) ................................................. 2

**RULES**

Tex. R. App. P. 9.4(g) ...................................................................................................... ii

Tex. R. App. P. 9.4(i) ....................................................................................................... 9

Tex. R. App. P. 38.2(a)(1)(A) .......................................................................................... ii

Tex. R. App. P. 39.1 ........................................................................................................ ii

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged with possession of a controlled substance (CR at 12). After the trial court denied his motion to set aside the indictment, appellant entered a guilty plea, and the court sentenced him to eight months confinement in the State Jail Division of the Texas Department of Criminal Justice (CR at 106). Appellant filed a timely notice of appeal, and the court amended its certification of appellant's right to appeal (CR at 111-12; Supp. CR at 8).

## STATEMENT OF FACTS

Appellant was set for trial on the offense of possession of a controlled substances (CR at 12, 17). Among other motions, appellant filed a motion to set aside the indictment in his case on June 25, 2014, during a pretrial conference (CR at 18-20, 117). The trial court denied the motion the next day (CR at 21, 117). On August 5, 2014, appellant entered a guilty plea (CR at 95-96, 106).

## SUMMARY OF THE ARGUMENT

The trial court did not violate appellant's statutory and constitutional rights to be present at pretrial proceedings when it denied appellant's motion to set aside his indictment outside of appellant's presence. The trial court did not violate appellant's statutory right to be present under Code of Criminal Procedure article 28.01 because there is no indication that the trial court held any type of proceeding when it ruled on appellant's motion. Further, appellant's presence when the trial court denied his

1

motion was not reasonably and substantial related to his opportunity to defend himself; thus, the trial court also did not violate his constitutional right to be present.

## REPLY TO APPELLANT'S POINT OF ERROR

**I.** **As the trial court did not hold any type of proceeding to decide appellant's motion to set aside the judgment, the court did not violate appellant's right to be present.**

In his sole point of error, appellant alleges that the trial court infringed upon both his statutory and constitutional rights because it failed to secure his presence when denying his motion to set aside the indictment. However, the trial court did not violate either of these rights to be present. As the record is void of any indication that the trial court held any type of proceeding when it ruled on appellant's motion, the court did not infringe upon appellant's statutory right, and because there is no reasonably substantial relationship between appellant's presence and his opportunity to present a defense, the court did not violate appellant's constitutional right. Thus, this Court should overrule appellant's point of error.

**a.** **The trial court did not violate appellant's right to be present under article 28.01, section 1 when it denied appellant's motion to set aside the indictment outside of appellant's presence.**

Under Texas Code of Criminal Procedure article 28.01, section 1, a defendant must be present during "any pre-trial proceeding." TEX. CODE CRIM. PROC. ANN. art. 28.01, §1 (West 2006). Thus, appellant's presence was required at any pretrial proceeding. However, not all pretrial motions are handled by way of pretrial

proceedings as trial courts may take matters under advisement and make rulings in absence of the defendant. *Whittington v. State*, 680 S.W.2d 505, 510 (Tex. App.—Tyler 1984, pet. ref'd). Thus, the question pertinent for appellant's point of error is whether the trial court ruled on his motion to set aside the indictment at a pretrial proceeding in which appellant's presence was required. *See Watkins v. State*, 333 S.W.3d 771, 775 (Tex. App.—Waco 2010, pet. ref'd) (stating that the question central to Watkins' argument that the trial court violated article 28.01 was whether the trial court conducted a proceeding when it entered an order on a motion).

As the Court of Criminal Appeals first discussed in *Riggall v. State*, a trial court holds a "pre-trial proceeding" on a motion when the record shows that the motion "came to be heard" and indicates some type of evidence, testimony, or argument was heard or considered. *Riggall v. State*, 590 S.W.2d 460, 461 (Tex. Crim. App. 1979); *see Malcom v. State*, 628 S.W.2d 790, 792 (Tex. Crim. App. 1982) (discussing the holding of *Riggall*). In *Riggall*, the trial court's actions constituted a "proceeding" under article 28.01 when the order overruling Riggall's motion to dismiss stated that the cause "came to be heard" and the order contained four paragraphs of findings of fact and conclusions of law that indicated that the court considered evidence or testimony. *Riggall*, 590 S.W.2d at 461. In appellant's case, the record does not provide any indication that the trial court held a "proceeding" when denying his motion to set aside the indictment.

3

As the clerk's record reveals, appellant's case was set for a pretrial conference proceeding on June 25, 2014, and for trial on August 5, 2014 (CR at 17, 117). At the pretrial conference, appellant appeared with his counsel and filed numerous motions, including his motion to set aside the indictment (CR at 18-19, 117). The trial court did not rule on any of appellant's pretrial motions at the conference (CR at 117). The next day—June 26th—the trial court denied appellant's motion to set aside the indictment (CR at 21, 117). The record contains no indication that the trial court held any type of proceeding when it denied appellant's motion (CR at 21, 117). *See Malcom*, 628 S.W.2d at 792 (holding that there was no "proceeding" requiring Malcom's presence when the record only included a docket sheet notation stating that a motion was overruled). The record does not contain any reporter's record of a proceeding, any statement of facts, or any indication that arguments were made, objections lodged or discussions had before the trial court denied the motion. *See Adanandus v. State*, 866 S.W.2d 210, 219 (Tex. Crim. App. 1993) (holding that a pretrial meeting was a "proceeding" under article 28.01 when the court reporter transcribed the meeting, a statement of facts was made, the trial court overruled a defense motion, Adanandus's counsel made a Bill of Exception, and the court issued instructions regarding trial procedures). Additionally, appellant does not include any citation to the record in his brief indicating that a pretrial proceeding requiring his presence was held.[1] As such,

---

[1] Appellant generally cites to the video recording of his abatement hearing in which the trial court amended its certification of appellant's right to appeal. Appellant's Br. 7. While appellant claimed in

4

the trial court did not violate appellant's right to be at the pretrial proceeding because no proceeding occurred.

Indeed, appellant's case is analogous to *Watkins v. State* in which the Tenth Court of Appeals held that the trial court did not hold any kind of "proceeding" when it denied Watkin's motion because the record showed nothing other than the signed order. *Watkins*, 333 S.W.3d at 776. In reaching this holding, the Court noted that the record contained "nothing to indicate that there was any kind of 'proceeding' with regards to the denial of Watkin's motion" as there were no findings in the order or other indication that the trial court heard or considered testimony or evidence. *Watkins*, 333 S.W.3d at 775-76. As the Tenth Court held that no "proceeding" had occurred when the trial court dismissed Watkin's motion by signing an order, so too should this Court hold that the trial court did not hold a "pre-trial proceeding" requiring appellant's presence under article 28.01 when it denied his motion by written order. TEX. CODE CRIM. PROC. ANN. art. 28.01, §1 (West 2006); *see also Jones v. State*, No. 14-87-00951-CR, 1989 WL 31803, at *1 (Tex. App.—Houston [14th Dist.] Apr. 6, 1989, no pet.) (not designated for publication) (holding that the record failed to establish that any "proceeding" was held when the trial court denied Jones' motion by only handwriting "Denied" on the motion with the date and signature of the court).

---

the hearing that he was not present when the trial court denied his motion, as discussed above, the record contains no indication that the trial court held a pretrial proceeding requiring appellant's presence (1 RR at 6-7).

As the record is void of any indication that the trial court conducted a pretrial proceeding outside appellant's presence when it denied his motion to set aside the indictment, appellant's right under article 28.01 was not violated. Thus, this Court should overrule appellant's statutory argument.

**b. The trial court did not violate appellant's constitutional right to be present when the court denied his motion because appellant's presence was not reasonably related to his opportunity to defend himself.**

In addition to the right to be present under article 28.01, appellant also asserts that his constitutional right to be present was violated. As the Supreme Court has held, a defendant has a right "to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Snyder v. Massachusetts*, 291 U.S. 97, 105-06 (1934), *overruled on other grounds*, *Mallory v. Hogan*, 378 U.S. 1 (1964); *see Adanandus*, 866 S.W.2d at 219 (adopting the "reasonably substantial relationship test"). However, this right is not violated unless "a fair and just hearing would be thwarted by [the defendant's] absence, and to that extent only." *Snyder*, 291 U.S. at 108. In this case, appellant's presence was not needed to ensure a fair and just hearing when the trial denied his motion to set aside the indictment because the trial court did not hold a proceeding on the motion (CR at 117). Thus, appellant had no right to be present.

As the record shows, the trial court ruled on appellant's motion—which argued that the trial court should set aside the indictment because the evidence was

6

insufficient to support its charge—on its face without entertaining any arguments or evidence from either party (CR at 18-19, 21, 117). Appellant's presence was thus not necessary to further his defense and did not bear a reasonably substantial relationship to his opportunity to defend himself. *Adanandus*, 866 S.W.2d at 219. Indeed, the trial court did not need to hold a hearing or proceeding on the motion as the Court of Criminal Appeals has long recognized that a defendant may not make a pretrial attack on the sufficiency of the evidence presented to a grand jury to support the allegations in the indictment. *See Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007) (holding that a motion to quash an indictment could not be used to attack the sufficiency of the State's evidence); *State v. Rosenbaum*, 910 S.W.2d 934, 937 (Tex. Crim. App. 1994) (agreeing with the State that a defendant may not make a pretrial attack upon the sufficiency of the evidence presented to the grand jury to support the allegations in the indictment); *see also State v. Rogers*, 138 S.W.3d 524, 527 (Tex. App.— Houston [14th Dist.] 2004, no pet.) (discussing how one court of appeals has allowed the State to willingly participate in a pretrial sufficiency hearing on the indictment but stating that the court's holding had not been followed by any other court and was strongly criticized). Because the trial court did not need to hold a hearing on appellant's motion, appellant's presence was not necessary, and his constitutional right to be present not violated.

As there is no reasonably substantial relationship between appellant's presence and his opportunity to present his pretrial motion attacking the sufficiency of the

7

evidence for the indictment, appellant cannot show that a fair and just hearing was thwarted by his absence. Additionally, since no proceeding occurred, appellant's rights to be present were not violated. As such, this Court should also overrule the statutory and constitutional claims appellant raises in his point of error and uphold his conviction.

## CONCLUSION

The State of Texas respectfully urges the Court to overrule appellant's point of error and affirm his conviction.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083
dessauer_carly@dao.hctx.net
curry_alan@dao.hctx.net

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 1,883 words, based upon the representation provided by the word processing program that was used to create the document. TEX. R. APP. P. 9.4(i).

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083

## CERTIFICATE OF SERVICE

The State will serve a copy of the foregoing instrument to appellant's attorney

though TexFile:

Casey Garrett
Attorney at Law
1214 Heights Boulevard
Houston, Texas 77008
casey.garrett@sbcglobal.net

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083

Date:  February 13, 2015