**753-15**

NO. 01-14-00715-CR

IN THE
COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

ORIGINAL

KEITH WAYNE FRANCIS,

VS.

THE STATE OF TEXAS,

APPELLANT PRO-SE

APPELLEE

## APPELLANT'S PETITION
## FOR DISCRETIONARY REVIEW

ON PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
FIRST DISTRICT OF TEXAS AT HOUSTON
IN CAUSE NO. 01-14-00715-CR, AFFIRMING THE CONVICTION
IN CAUSE NO. 1406601 FROM THE
DISTRICT COURT OF HARRIS COUNTY, TEXAS
178TH JUDICIAL DISTRICT

FILED IN
COURT OF CRIMINAL APPEALS

JUL 24 2015

Abel Acosta, Clerk

KEITH WAYNE FRANCIS
TDCJ-CID #1175291
EASTHAM UNIT
2665 PRISON ROAD #1
LOVELADY, TEXAS 75851

APPELLANT PRO-SE

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 21 2015

Abel Acosta, Clerk

# Identity of Parties and Counsel

**Judge:**

Honorable David Mendoza
District Judge
178th Judicial
District Court of
Harris County, Texas

**Prosecution(s):**

Ms. Jessica Vu
Mr. Erik Lolascio
Assistant District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002

**Defense Attorney**
At Trial

Crystal D. Henderson
Attorney at Law
2310 Blodgett
Houston, Texas

**Appellant Attorney:**

Casey Garrett
1214 Heights Boulevard
Houston, Texas 77008

**Appellant:**

Keith Wayne Francis
TDCJ-CID #1175291
2665 Prison Road #1
Lovelady, Texas 75851

**Attorney for Appellee:**

Harris County District Attorney's
Office
Appellate Division
1201 Franklin, Suite 600
Houston, Texas 77002

i

# Table of Contents

Identity of Parties and Counsel _____ i

Table of Contents _____ ii

Index of Authorities _____ iii

Statement Regarding Oral Argument _____ 1

Statement of the Case _____ 1

Procedural History of the Case _____ 2

Question for Review _____ 2

(1) Did the First Court of Appeals erroneously determine that "Appellant does not dispute that he was present with Counsel at the Pre-Trial hearing" on his motion to set aside the indictment (memo-op. at 3)

(2) Was Appellant denied his right to be present at all critical stages of trial when he was denied his right to be present at the Pre-Trial hearing on his motion to set aside the indictment

Reasons for Review _____ 2

Prayer _____ 4

Certificate of Service _____ 5

Appendix _____ 6

# Index of Authorities

CASES: Adanandus v. State, 866 S.W. 2d 210, 219 (Tex Crim App 1993) 4

Brooks v. State, 771 S.W. 2d 712, 715 (Tex. App Corpus Christi, Pet Refd) 4

Ex Parte Mines, 26 S.W. 3d 910, 914 (Tex. Crim. 2000) —— 4

Kentucky v. Stincer, 482 U.S. 730, 745 (1987) —— 4

Riggall v. State, 590 S.W. 2d 460 (Tex. Crim. App. 1979) — 2

Rushen v. Spain, 464 U.S. 114, 117-118 (1983) —— 2

Snyder v. Massachusetts, 291 U.S. 97, 105-106 (1934) —— 4

STATUTES:

Tex. Code Crim P. Ann. Art 28.01 (Vernon 2012) —— 3

Rule 66.3 (C) (D) T.R.A.P. —— 2
Rule 68.1 T.R.A.P. —— 1
Rule 66.4 —— 2

NO. 01-14-00715-CR

IN THE
Court OF Criminal Appeals
FOR THE STATE OF TEXAS

Keith WAYNE FRANCIS          APPellANT PRO-SE

VS.

THE STATE OF TEXAS          APPellee

APPellANT's PETITION
FOR DISCRETIONARY REVIEW

TO THE HONORABle COURT OF Criminal APPEALS:
Comes NOW. Keith WAYNE FRANCIS. hEREAFTER
APPellANT. iN THE AbOVE STYled And NUmbered cAUSE.
PRO-SE, And Files his "PETITION FOR DiscRETIONARY
REVIEW," PURSUANT TO Rule 68.1 TEXAS Rule OF APPellANT
PROcedure (T.R.A.P.). IN SUPPORT OF This PETITION FOR
REVIEW, APPellANT would RESPECTFUIIY show THE COURT
AS Follows:


STATEMENT REgARding ORAL ARgUMENT
APPellANT WAiVES ORAL ARgUMENT SiNCE bY LAW
he CAN'T ARgUE withOUT THE AssiSTANCE OF COUNSEL.

-1-

# STATEMENT OF THE CASE

ON JUNE 25, 2014 A PRETRIAL HEARING WAS held ON APPELLANT'S MOTION TO SET Aside THE INDICTMENT Also SERVERAL OTHER MOTIONS WERE Filed AT THE HEARING without APPELLANT being PRESENT AT THE HEARING. APPELLANT SOUGHT REVERSAL OF his CONVICTION AND A NEW TRIAL ARGUING THAT " THE TRIAL COURT ERRED bY Failing TO SECURE [HIS] PRESENCE AT A PRE-TRIAL HEARING based ON THE legality OF THE INDICTMENT AGAINST HIM.

## PROCEDURAL HISTORY

APPEAL WAS PRESENTED TO THE First COURT OF APPEALS IN HOUSTON, TEXAS. AND ON <u>APRIL 28, 2015</u>, THAT COURT AFFIRMED APPELLANT'S CONVICTION AND SENTENCE (APPENDIX) NO MOTION FOR REHEARING WAS Filed. PETION FOR DESCRETIONARY REVIEW is due ON OR bEFORE <u>JULY 27, 2015.</u>

## QUESTIONS FOR REVIEW

(1) Did THE FIRST COURT OF APPEALs ERRONEOUSIY deTERMINE THAT "APPELLANT does NOT dispUTE THAT he WAS PRESENT with COUNSEL AT THE PRE-TRIAL HEARING" ON HIS MOTION TO SET Aside THE INDICTMENT MEMO - OP AT 3.

(2) WAS APPELLANT dENIED his RIGHT TO bE PRESENT AT All CRITICAL STAGES OF TRIAL when he WAS dENIED his RIGHT TO bE PRESENT AT THE PRE-TRIAL HEARING ON his MOTION TO SET Aside THE INDICTMENT.

## REASONS FOR REVIEW

THE REASON DISCRETIONARY REVIEW Should bE GRANTED UNDER RULE 66.3 (C)(D). IN THE PRESENT CASE, THE FIRST COURT OF APPEALs ERRONEOUSIY deTERMINE THAT " APPELLANT does NOT dispute THAT HE WAS PRESENT with COUNSEL AT THE PRE-TRIAL HEARING" based ON his MOTION TO SET Aside THE INDICTMENT. (MEMO - OP, AT 3.). REVIEW Should bE GRANTED bECAUSE THE COURT OF APPEALS based it's dECISION OF OPINION ON A MISSTATEMENT OF THE QUESTION PRESENTED bY APPELLANT COUNSEL MEMO. BRIEF., AT 7, AND is CONTRARY TO THIS COURTS dECISION IN REGGALL V. STATE, 590 S.W. 2d 460 (TEX CRIM APP), AND THE SUPREME COURTS dECISION IN RUSHEN V. SPAIN 464 U.S. 114. (1983). SEE: T.R.A.P. 66.4).

-2-

Thus the court of appeals decision is not based on the facts contained in the record of trial. The decision is so far outside the norms of a judicial proceedings as to warrant this court's supervisory authority wherefore appellant respectfully request that this court remand the case back to the court of appeals with instructions that it reconsider this claim based on the facts presented in the records that appellant was not present at the critical stage when his motion to set aside the indictment was heard. Riggall v. State, 590 S.W. 2d. 460 (Tex. Crim. App. (1979).

## Reasons For Granting Review
## Question (2)

Was appellant denied his right to be present at all critical stages of trial when he was denied his right to be present at the pre-trial hearing on his motion to set aside the indictment. The review should be granted because the court of appeals decision is contrary to this court's decision in Reggail v. State, 590 S.W. 2d. 460. (Tex. Crim App.) and the U.S. Supreme Courts decision in Kentucky v. Stincer, 482 U.S. 730, 745. (1987). In it's opinion the first court of appeals stated that "Artical 28.01 provides that a defendant must be present during "any pre-trial proceeding." Memo. Op. at 3, citing. Tex Code Crim. Pro. Ann. Art. 28.01. However the court of appeals goes on to erroneously find that "appellant does not dispute that he was present with counsel at the pre-trial hearing on June 25, 2014. Rather, he complains that he was not present the next day when the trial court signed the order denying the motion to dismiss." The first court of appeals further erroneously found that the "question presented here is whether the trial court's entering an order denying appellant's motion to set aside the indictment was a pre-trial proceeding. As reflected appellant's appeal brief the question presented in his direct appeal accurately stated is "the trial court erred by failing to secure Mr. Francis' presence at a pre-trial hearing based on the legality of the indictment against him." (Appeal. Brief. Page 7) In fact appellant's entire argument was that he was denied his presents at the actual hearing on the motion and not just when the court ruled on the motion. Moreover the reporter's record clearly reflects "that appellant was not present at the hearing on June 25, 2014"

The hearing on Mr. Francis' motion to set aside the indictment constituted a hearing at which he had a right to be present. See Tex. Code Crim. P. Ann. Art. 28.01 (Vernon 2006); Riggall v. State, 590 S.W. 2d 460 (Tex. Crim. App. 1979). An accused is entitled to be present at a pretrial hearing. Brooks v. State, 771 S.W. 2d 712, 715 (Tex. App. Corpus Christi, Pet. Ref'd). This is a Constitutional right as well as a statutory one. Ex Parte Mines, 26 S.W. 3d 910, 914 (Tex. Crimm App. 2000); See Kentucky v. Stincer, 482 U.S. 730, 745 (1987). Even in situations where the defendant is not actually confronting witnesses or the evidence against him, he has a due process right to be "present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." Stincer, 482 U.S. at 745 (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-106 (1934), overruled in part on other grounds Malloy v. Hogan, 378 U.S. 1 (1964) If the defendant's presence would further his defense, his presence bears a reasonably substantial relationship to the opportunity to defend. See Adanandus v. State, 866 S.W. 2d 210, 219 (Tex. Crim. App. 1993). Mr. Francis should have been permitted to attend the hearing on his pretrial motion to set aside the indictment. This motion was crucial to his defense and his decision to proceed with a plea. The substance of the motion directly concerned his defense and the nature of charges against him and his presence would have furthered his defense under Adanandus. The trial court erred in failing to ensure his presence at the pretrial hearing and the case should be reversed and remanded for a new trial.

## PRAYER

Wherefore, Appellant Keith Wayne Francis, prays that the Texas Court of Criminal Appeals grant this "Petition For Descretionary Review" and reverse the decision of the First Court of Appeals and remand this cause for a new trial; and for any other relief to which Appellant may be entitled.

Respectfully submitted

Keith Wayne Francis #1175291
Eastham Unit
2665 Prison Road #1
Lovelady, Texas 75851

-4-

## CERTIFICATE OF SERVICE

This is TO CERTIFY that A TRUE AND CORRECT COPY OF the FOREGOING "APPELLANT's BRIEF, (P.D.R.) WAS FORWARDE by US Mail, POSTAGE PREPAID, TO HARRIS COUNTY DISTRICT ATTORNEY's OFFICE APPELLATE Division, 1201 FRANKLIN, Suite 600, HOUSTON, TEXAS 77002 ON this ___15___ day of ___JULY___ 2015

_Keith Wayne Francis #1175291_
KEITH WAYNE FRANCIS #1175291

## CERTIFICATE OF SERVICE

This is TO CERTIFY that A TRUE AND CORRECT COPY OF the FOREGOING "PETITION FOR DESCRETIONARY REVIEW." WAS SENT bY U.S. Mail, POSTAGE PREPAID TO, DISTRICT CLERK OF THE COURT OF Criminal APPEALs, P.O. BOX 12308 Capitol STATION Austin, TEXAS 78711 ON This ___15___ dAY OF ___JULY___ 2015

KEITH WAYNE FRANCIS #1175291
EASTHAM UNIT
2665 PRISON Road #1
LOVElAdY, TEXAS 75851

CC: Ms. LOUISE PEARSON, CLERK
COURT OF Criminal APPEALs
P.O. BOX 12308, CAPitol STATION
AUSTIN, TEXAS 78711

-5-



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-14-00715-CR

---

### KEITH WAYNE FRANCES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

On Appeal from the 178th District Court
Harris County, Texas
Trial Court Case No. 1406601

---

## MEMORANDUM OPINION

Appellant Keith Wayne Francis pleaded guilty to possession of a controlled substance and was sentenced to eight months' confinement in a State Jail Facility. In a single issue, he argues that he is entitled to a new trial because the trial court

ruled on his motion to set aside the indictment without him being present. We affirm.

## BACKGROUND

On January 31, 2014, appellant was indicted for possession of less than one gram of cocaine, with enhancements for two prior felony possession convictions. On June 25, 2014, appellant and his counsel attended a pretrial hearing and appellant's counsel filed several motions. One of those filings was a Motion to Set Aside Indictment, alleging that "the State has provided insufficient evidence to show that Mr. Francis possessed a controlled substance, other than the mere possession of paraphernalia with residue." The following day, on June 26, 2014, the trial court signed an order denying the motion to set aside the indictment. On August 5, 2014, appellant entered a guilty plea.

## PRESENCE AT PRETRIAL HEARING

Appellant seeks reversal of his conviction and a new trial, arguing that "the trial court erred by failing to secure [his] presence at a pretrial hearing based on the legality of the indictment against him." He contends that the right to personal presence at all critical stages of trial is a fundamental right recognized under the U.S. Constitution, *Rushen v. Spain*, 464 U.S. 114, 117–18, 104 S. Ct. 453, 455 (1983), and codified by the Texas Legislature. *See* TEX. CODE CRIM. PRO. ANN. art 28.01, § 1 (West 2006).

The State disagrees, arguing that the appellant cannot show a violation of article 28.01 because "there is no indication that the trial court held any type of proceeding when it ruled on appellant's motion." The State also contends that the "trial court did not violate appellant's constitutional right to be present when the court denied his motion because appellant's presence was not reasonably related to his opportunity to defend himself."

## ANALYSIS

Article 28.01 provides that a defendant must be present during "any pretrial proceeding." TEX. CODE CRIM. PRO. ANN. art 28.01. Appellant does not dispute that he was present with counsel at the pretrial hearing on June 25, 2014. Rather, he complains that he was not present the next day when the trial court signed the order denying the motion to dismiss. The question presented here is whether the trial court's entering an order denying appellant's motion to set aside the indictment was a pretrial proceeding. We agree with the State that it was not.

If the trial court holds a hearing on a defendant's pretrial motions, the defendant is entitled, under the plain language of article 28.01, to be present. The trial court may, however, take matters under advisement and make pretrial rulings in the absence of a defendant. This distinction was addressed in *Watkins v. State*, a case in which the appellant argued that the trial court's failure to conduct a hearing in the defendant's presence on appellant's pretrial motion to dismiss his appointed

3

counsel violated article 28.01. 333 S.W.3d 771, 775–76 (Tex. App.—Waco 2010, pet. ref'd). The trial court in that case "entered an order in which it stated that it had considered [the appellant's] motion and denied it." *Id.* at 775. The Waco Court of Appeals examined the relevant case law, ultimately concluding this did not amount to a pretrial proceeding at which the appellant was required to be present under article 28.01.

> In *Riggall v. State*, the Court of Criminal Appeals determined that the trial court's actions constituted a "proceeding" under article 28.01, by noting that the written order overruling Riggall's motion to dismiss recited that the cause "came on to be heard" and contained four paragraphs containing findings of fact and conclusions of law, indicating that some type of evidence or testimony was heard or considered. *Riggall v. State*, 590 S.W.2d 460 (Tex. Crim. App. 1979). Since there was some type of "proceeding" in that case, the Court of Criminal Appeals held that Riggall or his appointed counsel should have been present. In the present case, there is nothing to indicate that there was any kind of "proceeding" with regard to the denial of Watkins's motion. *See Jones v. State*, No. 14–87–00951–CR, 1989 WL 31803 at *1–2, 1989 Tex. App. LEXIS 758 at *4 (Tex. App.— Houston [14th Dist.] April 6, 1989, no pet.) (not designated for publication) (no violation of article 28.01 where there was only a handwritten notation on the motion to dismiss court appointed counsel which read "Denied," together with the date and the signature of the trial judge). We believe that *Riggall* is distinguishable since the record shows nothing other than the order signed by the trial court that it considered Watkins's motion to indicate that a proceeding was held. There are no findings in the order or other indications that evidence or testimony was heard or considered.

> We find that a more analogous case to the case at bar is *Malcom v. State*. *Malcom v. State*, 628 S.W.2d 790 (Tex. Crim. App. 1982). In *Malcom*, there was no formal written order, but there was a notation on a docket sheet that a motion to dismiss counsel was overruled. The Court of Criminal Appeals held that the trial court's

action of overruling the motion was not a "proceeding" under article 28.01. *Malcom*, 628 S.W.2d at 792. By application of the holdings of *Malcom* and *Riggall*, we find that the trial court in this case did not violate article 28.01.

*Id.* at 775–76. We likewise conclude that the facts of this case are more like *Malcom* than *Riggall*. There is no record of a hearing or any type of proceeding on June 26, 2014, the date the trial court signed the complained-of order. The order itself states only that "[t]he foregoing motion is in all things denied." Because nothing in the record—including the language of the June 26 order—indicates that the trial court's signing the denial order was a proceeding under article 28.01, we conclude that appellant has not shown that the trial court violated article 28.01.

To the extent that appellant argues that his due process rights were violated by the trial court's ruling on appellant's motion to dismiss outside appellant's presence, we reject that argument as well. A defendant has constitutional right to be present "whenever [the defendant's] presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Routier v. State*, 112 S.W.3d 554, 577 (Tex. Crim. App. 2003) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105–06, 54 S. Ct. 330, 332 (1934)). The "presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Id.* (quoting *Snyder*, 291 U.S. at 107–08, 54 S. Ct. at 333)). Given that appellant was present at the June 25, 2014 pretrial proceeding, and given that there was no proceeding held on

5

June 26, 2014 when the trial court signed the order denying appellant's motion, appellant has not established that the trial court's ruling on the motion without his being present denied his right to due process.

We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).