

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00214-CR

PATRICK LEE WALLACE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1323172

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Patrick Lee Wallace pled guilty to his third offense of driving while intoxicated. Pursuant to the terms of a negotiated plea agreement, the trial court suspended Wallace's sentence of three years' imprisonment, placed him on community supervision for a period of three years, and ordered him to pay a $1,500.00 fine and $524.00 in court costs. Based on its findings that Wallace had failed to comply with the terms and conditions of his community supervision, the trial court revoked his community supervision, sentenced him to three years' imprisonment, and ordered him to pay a $1,500.00 fine, $524.00 in court costs, and $500.00 in attorney fees for counsel appointed to Wallace during the revocation proceedings.

On appeal, Wallace argues that because he was indigent, the trial court erred in ordering him to pay attorney fees for counsel appointed during the revocation proceedings. Wallace also argues that the State failed to meet its burden to establish that he violated three terms and conditions of his community supervision involving the payment of fines and fees, even though he fails to challenge the legal sufficiency of the evidence supporting the trial court's finding that he violated five other terms and conditions of his community supervision.[1]

Because Wallace's testimony during the revocation proceedings supported the trial court's ruling that he had the ability to pay attorney fees, we overrule Wallace's first point of error. Additionally, because Wallace has failed to attack all grounds supporting the revocation of his community supervision, we affirm the trial court's judgment.

---

[1]The State has not filed a brief in this case.

## I. The Trial Court's Conclusion that Wallace had the Ability to Pay Attorney Fees is Supported by the Record

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2016). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

The trial court found that Wallace was indigent.[2] He was presumed to remain indigent absent record proof of a material change in his circumstances. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2016); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Watkins v. State*, 333 S.W.3d 771, 781–82 (Tex. App.—Waco 2010, pet. ref'd).

On October 26, 2016, two months before the revocation hearing, Wallace filled out a form demonstrating that for the past three years, he had been employed by "Trademanagement Serv.," was making $20.00 per hour, and was working forty hours per week. Wallace informed the court that his net take home pay per month was $2,480.00. He stated that his monthly expenses were $2,450.00, which included $200.00 per month for entertainment. Based on these representations,

---

[2]The trial court also appointed Wallace counsel on appeal.

the trial court found Wallace indigent and appointed him counsel for the revocation proceedings. However, Wallace testified at the revocation hearing that he could pay "$1,200.00 today" and that he could pay any other amounts required under the terms and conditions of his community supervision "in a timely manner."

In light of Wallace's testimony, the trial court expressly found that Wallace had the ability to pay $500.00 in attorney fees. Because the record supports the trial court's finding, we overrule Wallace's first point of error.

## II. Unchallenged Grounds Support the Trial Court's Decision to Revoke Wallace's Community Supervision

Wallace raises a challenge to the legal sufficiency of the evidence supporting three of the eight grounds contained in the State's motion to revoke. Five grounds remain unchallenged.

One sufficient ground for revocation supports a trial court's order revoking community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Thus, when an appellant does not challenge every ground found true by the trial court during revocation proceedings, "nothing is presented for review." *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

Accordingly, after reviewing the record of the revocation proceedings, we hold that Wallace has failed to show that the trial court abused its discretion in revoking his community supervision based on the unchallenged grounds. *See id.* Because we need not further address his second point of error, we overrule it. *See id.*

### III. Conclusion

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     March 28, 2017
Date Decided:       April 21, 2017

Do Not Publish

5